Lewis WILLIAMS, Jr., Petitioner–
Appellant,

v.

Ralph COYLE, Warden, Respondent–
Appellee.

No. 98–3793.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 10, 1998.

Decided Feb. 12, 1999.

John B. Gibbons, Paul R. Donohue (argued), Cleveland, Ohio, for Petitioner–Appellant.

Michael L. Collyer (argued), Office of the Attorney General of Ohio, Cleveland, Ohio, for Respondent–Appellee.

Before: KENNEDY, SUHRHEINRICH, and MOORE, Circuit Judges.

MOORE, J., delivered the opinion of the court, in which SUHRHEINRICH, J., joined. KENNEDY, J. (pp. 1040–41), delivered a separate dissenting opinion.

### ORDER

MOORE, Circuit Judge.

Petitioner–Appellant Lewis Williams, Jr. filed a motion asking this court to convert the certificate of appealability granted by the district court that denied his petition for a writ of habeas corpus into a certificate of probable cause. Williams contends that the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act" or the "AEDPA") is

inapplicable to his petition because he filed a notice of intent to file the petition and a motion for the appointment of counsel before the Act's effective date. We conclude, however, that a case is filed for the purposes of the AEDPA only when the petition for the writ is filed. Because his petition was filed after the Act's effective date, we deny Williams's motion.

## I

In 1983 Lewis Williams, Jr. was convicted of aggravated murder by an Ohio court and was sentenced to death. On April 18, 1996, after exhausting his direct appeals and all avenues of state post-conviction relief, Williams filed with the district court a notice of intent to file a petition for a writ of habeas corpus and a motion for the appointment of counsel. On April 24, 1996 the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, became effective. On November 1, 1996 Williams filed his habeas corpus petition in the district court pursuant to 28 U.S.C. § 2254.

On April 2, 1998 the district court denied Williams's petition for the writ and refused to issue a certificate of appealability. On reconsideration the court held that the AEDPA applied to Williams's petition despite the fact that Williams had filed a notice of intent to file his petition and a motion for the appointment of counsel before the Act's effective date. The court amended the certificate of appealability, however, to permit an appeal to be taken regarding the applicability of the AEDPA. Williams filed a timely appeal and subsequently filed this motion to convert the certificate of appealability into a certificate of probable cause.

## II

■ The statutory provisions that regulate federal habeas corpus proceedings were extensively amended by the AEDPA. In *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), the Supreme Court determined that the amendments to chapter 153 of Title 28, which encompasses the provisions at issue in the present case, do not apply to "cases that were already pending when the Act was passed." *Id.* 117 S.Ct. at 2061. Today we decide that a habeas corpus case is not pending for the purposes of *Lindh* until the application for the writ is filed pursuant to 28 U.S.C. § 2242.[1]

In addition to revising chapter 153, which applies to all habeas corpus proceedings, the AEDPA added a new chapter 154, which applies to § 2254 proceedings in capital cases if the state holding the condemned prisoner has met certain conditions.[2] *See* 28 U.S.C. § 2261. Section 107(c) of the AEDPA provides that "Chapter 154 ... shall apply to cases pending on or after the date of enactment of this Act." The Act included no corresponding provision expressly determining the temporal reach of the amendments to chapter 153. In *Lindh* the Court held that the implication of this disparity was "that the amendments to chapter 153 were assumed and meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act." *Lindh,* 117 S.Ct. at 2063. In discussing the temporal reach of these amendments, the Supreme Court interchangeably employed the terms

---

1. As an initial matter, we note that even were we to agree with Williams that the AEDPA is inapplicable to his petition we would not at this point convert the certificate of appealability into a certificate of probable cause. The district court has not certified that Williams has made "a substantial showing of the denial of a federal right," *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (quotation omitted), as is required for the issuance of a certificate; the district court only certified that the procedural question of the applicability of the AEDPA merited appellate review. This panel, moreover, has not been briefed on the merits of Williams's claims. Thus, were we to agree with Williams we would either remand the case to the district court for a reevaluation of the grounds for relief asserted by Williams under pre-AEDPA law, or we would defer consideration of the grant of a certificate of probable cause until we are briefed on the merits. Because we agree with the district court's conclusion that the AEDPA is applicable to Williams's petition, however, we may simply deny the present motion and allow Williams to proceed with his quest in this court for a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

2. The district court determined that chapter 154 did not apply to Williams's petition.

"cases pending" and "cases filed," and the Court apparently equated these terms. *See id. passim.*[3] Because Lindh's application for the writ was filed before the effective date of the AEDPA, however, the Court did not consider what would constitute a pending or filed habeas corpus case, and no other Supreme Court or Sixth Circuit case has addressed this question.

In essence the Supreme Court concluded in *Lindh* that Congress has declared, by implication, that the amendments to the habeas corpus provisions in question shall not apply to cases that were filed or pending before the effective date of the AEDPA. Thus, the proper scope of this language presents a question of statutory interpretation, which we review de novo. *See United States v. Haun,* 124 F.3d 745, 747 (6th Cir.1997). In determining the meaning of a statutory provision, we look first to the language used, and we strive to give the words employed their ordinary meaning. *See Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990).

■ In ordinary usage a case is pending when a complaint or petition is filed. *See, e.g.,* BLACK'S LAW DICTIONARY 1134 (6th ed.1990). Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." The filing of an application for a writ of habeas corpus is analogous to the filing of a civil complaint, and the Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent that those rules do not conflict with the specific rules governing § 2254 cases. *See* 28 U.S.C. § 2254, R. 11. The specific rules governing § 2254 cases require the applicant to file an application in the form of a petition for the writ in the district court, *see* § 2254, R. 2, 3, but they do not explicitly address the commencement of the proceedings. Accordingly, we conclude that Fed. R.Civ.P. 3 yields a presumption that a federal habeas corpus case is filed with the filing of an application for the writ.

This presumption is reinforced by the language of the habeas corpus provisions. Section 2254(e), for example, refers to "a proceeding instituted by an application for a writ of habeas corpus." Also, 28 U.S.C. § 1914(a) provides that the "district court shall require the parties instituting any civil action, suit or proceeding ... to pay a filing fee of $150, except that on application for a writ of habeas corpus the filing fee shall be $5." Both provisions equate the commencement of the habeas proceeding with filing of the application. Likewise, the rules governing § 2254 proceedings are triggered by the filing of an application. *See* § 2254, R. 1(a).

Several courts have relied on the Supreme Court's opinion in *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), in concluding that a habeas corpus case may be pending under *Lindh* before the application is filed. We believe that this reliance is misplaced. In *McFarland* the Court held that a motion for the appointment of counsel constitutes a post conviction proceeding for the purposes of 21 U.S.C. § 848(q)(4)(B). *See McFarland,* 512 U.S. at 856–57, 114 S.Ct. 2568. Section 848(q)(4)(B) provides for the appointment of counsel and the provision of necessary expert services for indigent defendants seeking to set aside a death sentence "[i]n any post conviction proceeding under section 2254 or 2255." The reading adopted was required, the Court concluded, to give effect to the clear intent of Congress to "establish[ ] a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings." *McFarland,* 512 U.S. at 855, 114 S.Ct. 2568.

The *McFarland* Court also held that a motion for the appointment of counsel was sufficient to enable a district court to stay an execution pursuant to 28 U.S.C. § 2251, which literally grants this power to a judge "before whom a habeas corpus proceeding is pending." *See McFarland,* 512 U.S. at 857–59, 114 S.Ct. 2568. The Court concluded that

---

**3.** Compare, for example, an earlier statement of the holding in *Lindh:* "The issue in this case is whether that new section of the statute dealing with petitions for habeas corpus governs applications in noncapital cases that were already pending when the Act was passed. We hold that it

does not," *id.* 117 S.Ct. at 2061, with a later statement: "We hold that the negative implication of § 107(c) is that the new provisions of chapter 153 generally apply only to cases filed after the Act became effective." *Id.* at 2068.

the district court must have the power "to enter a stay of execution where necessary to give effect to [the] statutory right" to appointed counsel. *See id.* at 859, 114 S.Ct. 2568. Thus, both holdings of *McFarland* appear to rest on the necessity of expanding the ordinary meaning of a "pending case" in order to give effect to clear congressional intent. By contrast, we perceive no compelling reason to depart from plain meaning in the present case. The problem the Court addressed in *McFarland* was of an ongoing nature and had nothing to do with the effective date of any statutory provision. In the present case, on the other hand, the defendant faces additional procedural hurdles post-AEDPA, but there is no ongoing rationale for stretching the "pending" period to reach prior to the actual filing of the application as there was in *McFarland.* Once all cases in which a petitioner initiated some habeas corpus-related legal action prior to the effective date of the AEDPA have been resolved, the point at which a § 2254 case is "filed" will become irrelevant.

There is, admittedly, certain language in *McFarland* that supports the extension of *Lindh* advanced by Williams. In determining the reach of § 2251, the Court reasoned:

> The language of these two statutes indicates that the sections refer to the same proceeding. Section 848(q)(4)(B) expressly applies to "any post conviction proceeding under section 2254 or 2255"—the precise "habeas corpus proceeding[s]" that § 2251 involves. The terms "post conviction" and "habeas corpus" also are used interchangeably in legal parlance to refer to proceedings under §§ 2254 and 2255. We thus conclude that the two statutes must be read *in pari materia* to provide that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution.

*Id.* at 858, 114 S.Ct. 2568. Although one could read this passage as supporting the proposition that a proceeding pursuant to § 2254 also is initiated and pending when a petitioner files a motion for the appointment of counsel, we conclude that this reading is warranted only to the extent necessary to give effect to § 848(q)(4)(B). Our precedent supports this conclusion.

In *In re Parker,* 49 F.3d 204 (6th Cir. 1995), a condemned prisoner, who was represented by counsel but who had not filed a federal habeas corpus petition, filed motions in the district court for the appointment of counsel and for a stay of execution pursuant to § 2251. The prisoner argued that under *McFarland* the district court had the power to grant the stay. We disagreed, holding that neither § 2251 "nor *McFarland* stand for the proposition that an already well-represented prisoner may invoke the 'stay' jurisdiction of a federal court by seeking prepetition appointment of counsel who already represents him." *Id.* at 211. In other words, our holding in *In re Parker* was that the filing by a represented prisoner of a motion for the appointment of counsel does not constitute a pending habeas corpus proceeding for the purposes of § 2251. This holding indicates that the *McFarland* interpretation of "pending," in this circuit, at least, extends no further than is necessary to give effect to 21 U.S.C. § 848(q)(4)(B).

Recently, the Ninth Circuit, sitting en banc, overruled its earlier precedent and held that a petition for the appointment of counsel does initiate a habeas case for the purposes of *Lindh. See Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal.,* 163 F.3d 530, 538–40 (9th Cir.1998). The *Calderon* court concluded that this determination was compelled by the Supreme Court's recent decision in *Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998). We disagree that *Hohn* requires this result.

In *Hohn,* a panel of the Eighth Circuit had declined to issue the petitioner a certificate of appealability ("COA") after the district court had denied the petitioner's motion pursuant to § 2255 to vacate his sentence. *See id.* 118 S.Ct. at 1972. The question faced by the Supreme Court was whether the denial of the COA constituted a case in the court of appeals such that the Court had certiorari jurisdiction pursuant to 28 U.S.C. § 1254 to review the denial. The Court examined the process utilized by the court of appeals in addressing Hohn's application for the COA as well as the adversary nature of the pro-

ceeding, and the Court determined that "[t]he dispute over Hohn's entitlement to a certificate falls within [the] definition" of a case for the purposes of § 1254. *Id.*

In reaching this determination in *Hohn,* the Court also relied on its earlier decision in *Ex parte Quirin,* 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3 (1942), that had "confronted the analogous question whether a request for leave to file a petition for a writ of habeas corpus was a case in a district court for the purposes of the then-extant statute governing court of appeals review of district court decisions." *Hohn,* 118 S.Ct. at 1975. In *Ex parte Quirin* the Court had held that such a request was a reviewable case: "Presentation of the petition for judicial action is the institution of a suit. Hence denial by the district court of leave to file the petitions in these causes was the judicial determination of a case or controversy, reviewable on appeal...." *Ex parte Quirin,* 317 U.S. at 24, 63 S.Ct. 2.

In our opinion *Hohn* and *Ex parte Quirin* stand only for the proposition that the denial by the district court of a motion for the issuance of a COA, a motion for leave to file a petition for the writ, or, as in our case, a motion for the appointment of counsel pursuant to 21 U.S.C. § 848(q)(4)(B) would constitute an appealable case. This does not imply, however, that the petitioner's *habeas corpus case* has been initiated by the filing of such a preliminary motion. Although the Court in *Hohn* rejected the contention that the filing of a preliminary motion "should be regarded as a threshold inquiry separate from the merits," *Hohn,* 118 S.Ct. at 1974–75, the holding and logic of the case were limited to the determination that the rejection by the district court of the preliminary motion constitutes an appealable case. Thus, we do not believe that *Hohn* dictates the result sought by Williams.

In determining that the filing of a motion for the appointment of counsel does not initiate a habeas case for the purposes of *Lindh,* the Seventh Circuit followed an approach that anticipated the majority's approach in *Hohn.* That court held that

[a]lthough it is linguistically possible for this "preapplication legal assistance" to open a "case" having some affinity to a petition under § 2254 ... the motion for counsel is not itself a petition, because it does not call for (or even permit) a decision on the merits.... This implies that the sort of case opened by a motion under § 848(q)(4) is not the kind of pending litigation mentioned in Chapter 154's effectiveness clause, and therefore is outside the rationale of *Lindh.*

*Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). We agree, and we conclude that a federal habeas corpus case is filed or pending for the purposes of *Lindh* and the AEDPA only when the petition for the writ is filed.[4]

### III

For the foregoing reasons, we **DENY** the petitioner's motion to convert the certificate of appealability granted by the district court into a certificate of probable cause.

KENNEDY, Circuit Judge, dissenting.

Judge Moore has fully and fairly presented the issues and relevant authorities. I dissent, however, because I reach a different conclusion.

Her opinion recognizes that *Hohn v. United States,* 524 U.S. 236, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998), and *Ex parte Quirin,* 317 U.S. 1, 63 S.Ct. 2, 87 L.Ed. 3 (1942), stand for the proposition that denial of a certificate of appealability ("COA"), a motion for leave to file a petition for a writ of habeas corpus, or, as in this case, a motion for appointment of counsel would constitute an appealable case. In *Hohn,* the Court stated:

We further disagree with the contention, advanced by the dissent and by Court-appointed amicus, that a request to proceed before a court of appeals should be

---

4. The dissent suggests that the resolution of the question before us bears upon the ability of petitioners to comply with the AEDPA's statute of limitations. We believe that it is a separate question whether the filing of a motion for the appointment of counsel can satisfy the timeliness requirements that the AEDPA has imposed on habeas corpus petitioners, and we express no opinion on the matter.

regarded as a threshold inquiry separate from the merits which, if denied, prevents the case from ever being in the court of appeals. Precedent forecloses this argument. In *Ex parte Quirin,* 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3 (1942), we confronted the analogous question whether a request for leave to file a petition for a writ of habeas corpus was a case in a district court for the purposes of the then-extant statute governing court of appeals review of district court decisions. See 28 U.S.C. § 225(a) First (1940 ed.) (courts of appeals had jurisdiction to review final decisions "[i]n the district courts, in all cases save where a direct review of the decision may be had in the Supreme Court"). We held the request for leave constituted a case in the district court over which the court of appeals could assert jurisdiction, even though the district court had denied the request. We reasoned, "[p]resentation of the petition for judicial action is the institution of a suit. Hence the denial by the district court of leave to file the petitions in these causes was the judicial determination of a case or controversy, reviewable on appeal to the Court of Appeals." 317 U.S., at 24, 63 S.Ct., at 9.

*Hohn,* 118 S.Ct. at 1974–75.

In *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), the Court held that a motion for appointment of counsel was sufficient to give the district court jurisdiction to issue a stay of execution in order to give effect to the statutory right to appointed counsel. It seems to me that in view of the potential time restriction on filing petitions for habeas corpus in death penalty cases, and the recognition by Congress of the need of counsel to prepare the petition for the writ, requiring the actual filing of the petition for the commencement of proceedings may effectively deny uneducated, poor petitioners their remedy. The filing of a motion for appointment of counsel is as much as many such petitioners can accomplish without assistance from an attorney. The attorney, in turn, will require time to prepare the petition for the writ. While the statute of limitations problem can be accommodated by applying a doctrine of equitable tolling, that would require a factual inquiry in every case. If the courts were to apply a bright line rule that the request for appointment of counsel tolled any limitation on every case, would it not be more forthright to say that in the case of petition for habeas corpus in a death penalty case the action is commenced by a request for the appointment of counsel because otherwise the petitioner is, in effect, denied that statutory right?