**Curtis BROWN, Petitioner–Appellant,**

v.

**James S. HAVILAND, Warden, Respondent–Appellee.**

No. 00–4388.

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2001.

Before GUY and MOORE, Circuit Judges;  HULL, District Judge.*

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Ten-nessee, sitting by designation.

Curtis Brown appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 as barred under the applicable statute of limitations, 28 U.S.C. § 2244(d)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  Upon examination, this panel unanimously agrees that oral argument is not needed.  Fed. R.App. P. 34(a).

Following a jury trial in the Hamilton County, Ohio, Court of Common Pleas in 1988, Brown was convicted of two counts of aggravated robbery with firearm specifications and two counts of robbery.  The Ohio Court of Appeals affirmed Brown's convictions on direct appeal, *see State v. Brown,* Nos. C–870755, 1989 WL 282 (Ohio Ct.App. Jan.4, 1989), but remanded the case to the trial court to correct a sentencing error.  On remand, the trial court sentenced Brown to consecutive terms of ten to twenty-five years of imprisonment, five to twenty-five years of imprisonment, plus two terms of three years, and the Ohio Supreme Court denied leave to appeal on August 2, 1989.  On appeal following re-sentencing, the Ohio Court of Appeals affirmed the trial court in a 1990 decision. In addition, the trial court denied a motion for a new trial in 1991, and the Ohio Court of Appeals dismissed Brown's appeal from that decision on March 2, 1992.

In 1998, Brown filed an application for a delayed reopening of his appeal, in which he asserted a claim that he received ineffective assistance of appellate counsel. The Ohio Court of Appeals denied the application, and the Ohio Supreme Court denied leave to appeal for lack of a substantial constitutional question on December 9, 1998.

Nearly one year later on December 3, 1999, Brown signed his federal habeas petition, which the district court received for filing on December 13, 1999. Respondent moved to dismiss the petition as barred under the one-year statute of limitations, and Brown responded in opposition. The district court granted respondent's motion, dismissed the petition, but granted Brown a certificate of appealability with respect to the question of whether the petition is barred under the statute of limitations. Brown filed a timely notice of appeal.

On appeal, Brown contends that: (1) the limitations period did not begin to run until the Ohio Supreme Court denied his latest effort to reopen his direct appeal; and (2) exceptional circumstances exist that would make application of the limitations period manifestly unjust. Respondent contends that the petition is barred and that Brown's claim of manifest injustice lacks merit.

Upon de novo review, *see Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999), we affirm the judgment for the reasons stated by the district court in its order filed September 19, 2000. The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case because Brown filed his federal habeas petition after the April 24, 1996, effective date of the AEDPA. *See Williams v. Coyle*, 167 F.3d 1036, 1037 (6th Cir.1999). After that time, a one-year statute of limitations is applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Because Brown's convictions became final before the effective date of the AEDPA, Brown had one year after the effective date in which to file his federal habeas petition. *See Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir.1999), *vacated on other grounds*, 530 U.S. 1257, 120 S.Ct. 2715, 147 L.Ed.2d 980 (2000). However, any properly filed state post-conviction proceeding tolled the limi-

tations period pursuant to 28 U.S.C. § 2244(d)(2).

Here, Brown's petition clearly is late. The limitations period expired on April 24, 1997, because no state post-conviction proceedings were pending within one year following the effective date of the AEDPA. Under these circumstances, Brown's petition clearly is barred. Finally, Brown's contention on appeal that application of the bar to his petition would result in manifest injustice is meritless. *See United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir.1999), *cert. denied*, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.