**Jon BURNS, Petitioner–Appellant,**

v.

**Harold WHITE, Warden, Respondent–Appellee.**

No. 03–1977.

United States Court of Appeals,
Sixth Circuit.

March 25, 2004.

*ORDER*

Jon Burns moves for pauper status on appeal from a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 as barred under the applicable statute of limitations. *See* 28 U.S.C. § 2244(d). The district court denied Burns a certificate of appealability, and the receipt of the notice of appeal has been construed as an application for a certificate of appealability pursuant to Fed. R.App. P. 22(b).

Following a bench trial in the Detroit Recorder's Court in 1990, Burns was convicted of two counts of second degree murder and one count of felony firearm. Burns was sentenced to two consecutive terms of twenty-five to fifty years of imprisonment, plus a consecutive term of two years of imprisonment for the firearm conviction. The Michigan Court of Appeals affirmed the convictions and sentence on direct appeal on March 26, 1993, and the Michigan Supreme Court denied a delayed application for leave to appeal on November 4, 1993. Thereafter, Burns filed a motion for relief from judgment in the trial

court on October 1, 1999, which that court denied on January 12, 2001. The Michigan Court of Appeals denied a delayed application for leave to appeal on July 27, 2001, and the Michigan Supreme Court denied a delayed application for leave to appeal on February 4, 2002. *People v. Burns,* 465 Mich. 955, 639 N.W.2d 810 (2002) (table).

Burns filed his federal habeas petition on October 25, 2002. The state moved the district court for summary judgment on the ground that the petition is barred under the statute of limitations, and Burns responded in opposition. The district court granted the state's motion and dismissed the petition as untimely. Burns filed a timely notice of appeal, and the district court denied him a certificate of appealability.

Upon consideration, the application for a certificate of appealability is denied because Burns cannot make a substantial showing of the denial of a federal constitutional right for the reasons stated by the district court. *See* 28 U.S.C. § 2253(c); *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to this case because Burns filed his habeas petition after the April 24, 1996, effective date of the AEDPA. *See Williams v. Coyle,* 167 F.3d 1036, 1037 (6th Cir.1999). After that time, a one-year statute of limitations is applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). In the district court, Burns did not dispute that, absent tolling, the limitations period expired before Burns filed his state post-conviction motion that otherwise would have tolled the limitations period. However, Burns contended that equitable tolling should be applied because the state created an impediment to his filing.

Burns did not carry his burden of establishing that equitable tolling is warranted in this case. *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002); *Dunlap v. United States,* 250 F.3d 1001, 1007 (6th Cir.2001). "[E]quitable tolling relief should only be granted sparingly" and the applicability of such relief "must be decided on a case-by-case basis." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.), *cert. denied,* 537 U.S. 1091, 123 S.Ct. 699, 154 L.Ed.2d 638 (2002). In determining whether equitable tolling is appropriate, five considerations set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), apply: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap,* 250 F.3d at 1008–09. The district court properly rejected Burns's contentions that equitable tolling applies in this case.

Essentially, Burns contends that legal materials pertaining to his trial were lost or destroyed when the state required him to send a footlocker containing the documents to his home in 1993. Burns alleged that he made unsuccessful attempts to obtain copies of needed documents in 1996, and that he successfully obtained the documents from his appellate attorney in 1999. However, Burns did not explain why he was unable to obtain the documents from his appellate attorney until 1999. Further, the district court correctly concluded that Burns's contentions that he does not read or write well and that he was unaware of the limitations period do not warrant equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000); *Smith v.*

*McGinnis,* 208 F.3d 13, 18 (2d Cir.2000). Accordingly, the district court properly dismissed Burns's petition.

For the foregoing reasons, the application for certificate of appealability is denied. The motion for pauper status is denied as moot.