In re Maurice A. TOLER; Patricia J. Toler, Debtors.

NEW BOSTON DEVELOPMENT COMPANY, Plaintiff–Appellant,

v.

Maurice A. TOLER, Defendant–Appellee.

No. 92–4067.

United States Court of Appeals, Sixth Circuit.

Submitted July 2, 1993.

Decided July 15, 1993.

Mark A. Vander Laan (briefed), Neal D. Baker (briefed), Dinsmore & Shohl, Cincinnati, OH, for plaintiff-appellant.

Marshal D. Cohen (briefed), M. Cohen & Associates, Columbus, OH, for defendant-appellee.

Before: KENNEDY and MARTIN, Circuit Judges; and WISEMAN, District Judge.*

BOYCE F. MARTIN, Jr., Circuit Judge.

New Boston Development Company obtained a judgment against Maurice Toler for fraud. Toler and his wife, Patricia Toler, filed a petition for bankruptcy protection on

July 24, 1991. On September 27, 1991, Toler's creditors conducted their first meeting.

On October 16, 1991, New Boston mailed a complaint to the bankruptcy court's clerk, Toler, Toler's attorney, and the bankruptcy trustee. The complaint alleged that Toler's debt for his fraudulent conduct was not dischargeable in bankruptcy under 11 U.S.C. § 523(c).

The bankruptcy court received the complaint and stamped it as filed on October 17, 1991. Approximately one week later, however, the bankruptcy court effaced the file stamp on the complaint and returned it to New Boston. The bankruptcy court attached a letter informing New Boston that the local rules required a summons to be filed simultaneously with the complaint.

On December 9, 1991, New Boston again submitted the complaint to the bankruptcy court clerk, this time attaching a completed summons.

Toler filed a motion to dismiss. Toler argued that New Boston's complaint had not been filed within sixty days of the first meeting of the creditors and that it was therefore not timely under Bankruptcy Rule 4007(c). The bankruptcy court agreed with Toler and the district court affirmed. We reverse.

■ Our resolution of this case turns on the construction of the word "filed" in Bankruptcy Rule 4007(c). That rule provides: "A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

■ Prior to December 1, 1991, exactly what steps were required to "file" a document with the court was a matter of much controversy and ambiguity. See FEDERAL PRACTICE AND PROCEDURE § 1153 (Charles Wright & Arthur Miller, eds., 2d ed. 1987). Effective December 1, 1991, however, Rule 5 of the Federal Rules of Civil Procedure has been amended to provide, in pertinent part: "The clerk shall not refuse to accept for filing

---

* The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation.

any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Therefore, as of December 1, 1991, filing of a complaint under the Federal Rules of Civil Procedure, which are incorporated into the Bankruptcy Rules under Bankruptcy Rule 7005, is accomplished when the complaint is delivered to the clerk of the appropriate court.

■ Although New Boston tendered its complaint to the bankruptcy court before this amendment to the Federal Rules of Civil Procedure, this amendment strongly influences our interpretation of Bankruptcy Rule 4007(c) and Bankruptcy Rule 7005 as they existed on October 17, 1991. Even for documents tendered to a court clerk prior to December 1, 1991, we hold that filing takes place when the documents are tendered to the court clerk, local rules notwithstanding. Cf. *Wilson v. City of Zanesville*, 954 F.2d 349, 352–53 (6th Cir.1992) (local rules may not alter requirements of the Federal Rules of Civil Procedure).

Our holding today resolves a conflict that has existed in this circuit between two prior, inconsistent decisions. In *Carter v. Lack*, 869 F.2d 1489 (6th Cir.1989) (unpublished opinion), this court held that a complaint should not be considered filed when it is tendered to the clerk of the appropriate court until all filing prerequisites have been met. In *Sammons v. Phillips*, 956 F.2d 270 (6th Cir.1992) (unpublished opinion), this court, without reference to *Carter*, held that complaint can be considered to be filed even if it contains "various deficiencies." In light of the recent amendments to the Federal Rules of Civil Procedure, we are confident that we should follow the guidance of *Sammons* rather than *Carter* and hold that a complaint is deemed to be filed when it is tendered to the clerk of the appropriate court.

Other bankruptcy courts have also taken a contrary position to that taken here. The consistent rule has been that the filing of a document takes place when it is tendered to the bankruptcy court clerk. E.g., *Cosper v. Frederick*, 73 B.R. 636 (Bankr.N.D.Fla.1986); *In re Horob*, 54 B.R. 693 (Bankr.N.D.1985);

*In re Whitfield*, 41 B.R. 734 (Bankr.W.D.Ark. 1984). Mistakes or errors can be corrected after the document has been filed. Additionally, outside the bankruptcy context, other circuit courts have held that a complaint is filed when it is tendered to the clerk of the appropriate court even though it may not have the appropriate filing fees, or a summons attached, etc. E.g., *Cintron v. Union Pacific R. Co.*, 813 F.2d 917 (9th Cir.1987).

The decision of the district court is reversed.