**Mark ANDERSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–2476.

United States Court of Appeals, Sixth Circuit.

May 3, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; HOOD, District Judge.*

Mark Anderson, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury convicted Anderson of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. He was sentenced to two concurrent terms of 30 years in

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Ken-

tucky, sitting by designation.

prison. This court affirmed his convictions in *United States v. Simpson,* Nos. 97–2305, 1999 WL 777348 (6th Cir. Sept.21, 1999) (unpublished), and the Supreme Court denied his petition for a writ of certiorari on March 10, 2000.

Via prison mail, Anderson tendered a motion to vacate, dated March 3, 2001, to the district court. The court clerk filed the motion on March 9, 2001, but the district court issued an order to strike the document on March 29, 2001, because the brief exceeded twenty pages in violation of Local Rule 7.1(c)(3)(A) of the Eastern District of Michigan. Anderson then filed a twenty page document, dated April 13, 2001, and entitled "Amendment to petitioner 2255" [sic], and requested that it be made part of the record pursuant to Fed. R.Civ.P. 15. In his amended motion, Anderson asserted that: 1) counsel rendered ineffective assistance; 2) the prosecutor committed misconduct in violation of his right to a fair trial; 3) the trial court improperly instructed the jury; and 4) his sentence violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied the amended motion to vacate as untimely with respect to all claims, save the *Apprendi* claim which it found to be without merit. Nonetheless, the district court certified two issues for appeal: 1) whether it had erred by not finding the amended motion to be timely under the doctrine of equitable tolling; and 2) whether *Apprendi* required that Anderson's sentence be modified.

In his timely appeal, Anderson raises the certified issues and also argues that 21 U.S.C. § 841(b)(1) is unconstitutional.

As an initial matter, we decline to consider the constitutionality of § 841(b) because the district court did not certify the issue for appeal. *See* 28 U.S.C. § 2253(c).

To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

Upon review, we conclude that the district court erred by striking Anderson's original motion to vacate and rejecting his amended motion as untimely. Because the amended motion was timely for the reasons discussed below, we do not reach the issue of equitable tolling.

Before addressing the issue of timeliness of the amended motion, it is necessary to determine what triggered the commencement of Anderson's § 2255 proceeding. This court has applied the Federal Rules of Civil Procedure to determine that a habeas corpus action is commenced with the filing of a habeas corpus petition. *Williams v. Coyle,* 167 F.3d 1036, 1038 (6th Cir.1999) (28 U.S.C. § 2254). Because 28 U.S.C. § 2254 case law is largely applicable to § 2255 proceedings, *see Reed v. Farley,* 512 U.S. 339, 353–54, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994), and because the Federal Rules of Civil Procedure may be applied to § 2255 proceedings to the extent that those rules do not conflict with the specific rules governing § 2255 proceedings, *see* 28 U.S.C. § 2255, R. 12, we conclude that a § 2255 proceeding begins with the filing of a motion to vacate.

The filing of pleadings is governed by Fed.R.Civ.P. 5, which provides in part that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Fed.R.Civ.P. 5(e). Thus, a motion to vacate is deemed to be filed when tendered to the court clerk, despite non-compliance with local rules, and the timeliness of the proceeding is determined by the filing date of the original motion. *See In re Toler,* 999 F.2d 140, 141–42 (6th Cir.1993) (applying Rule

5(e) to bankruptcy complaint). " 'The Federal Rules [ ] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.' " *Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting *Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also* Fed.R.Civ.P. 1. A district court must not circumvent the Federal Rules of Civil Procedure by implementing local rules or procedures which do not afford parties the rights that they are accorded under the federal rules. *See Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).

■ Thus, Anderson's § 2255 proceeding commenced when he tendered his original motion to vacate to the district court, despite any non-compliance with local court rules. *See In re Toler*, 999 F.2d at 141–42. Furthermore, the district court violated its own local rules. Local Rule 7.1(c)(3) for the Eastern District of Michigan provides in part that "[t]he text of a brief supporting a motion or response, including footnotes and signatures, may not exceed 20 pages." However, before the district court may sanction a party for non-compliance with the local rules of the Eastern District of Michigan, the district court must first give the party notice and a reasonable opportunity to respond and must then determine that the local rules were knowingly violated. *See E.D. Mich. L.R.* 11.1. Nothing in the district court record indicates that, prior to striking Anderson's forty-seven page brief, the district court notified him that his brief violated Local Rule 7.1(c)(3). Thus, the district court's sanction, i.e., the striking of the entire motion to vacate, was in violation of its own Local Rule 11.1.

■ The district court's order striking the motion also contravened the case law of this circuit and the Federal Rules of Civil Procedure. According to the case law of this circuit, the "action of striking a pleading should be used sparingly by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). It should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id.* Rule 12(f) of the Federal Rules of Civil Procedure also permits a district court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In the instant action, the district court did not strike Anderson's original motion to vacate for "purposes of justice," but to enforce a technical pleading requirement concerning page limits which was set forth in a local rule. The motion to vacate cannot be said to be without any "possible relation to the controversy" as the motion presented issues, such as the claims of ineffective assistance of counsel, which related to Anderson's federal conviction and sentence and which are properly brought in a § 2255 proceeding. *See United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Additionally, the district court did not determine that Anderson's motion to vacate contained "redundant, immaterial, impertinent, or scandalous matter."

■ Examination of the filing dates of the motions and the applicable limitations periods indicate that Anderson's amended motion to vacate is timely. Because Anderson filed his motions via prison mail, his original motion to vacate and amended motion to vacate are deemed to be filed as of the date on each motion pursuant to the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Under the rule announced in *Houston*, the filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing. *See, e.g.,*

*Burns v. Morton,* 134 F.3d 109, 112–13 (3d Cir.1998). Submission to prison authorities may be evidenced by a certificate of service or by signing a motion under penalty of perjury. *See Towns v. United States,* 190 F.3d 468, 469 (6th Cir.1999). As Anderson signed the motions on March 3, 2001, and April 13, 2001, respectively and under penalty of perjury, the dates indicate that Anderson relinquished control of the motions to prison authorities on those dates.

Anderson filed his original motion to vacate within the applicable statute of limitations. Anderson's convictions became final when the Supreme Court denied his petition for a writ of certiorari on March 10, 2000, and he had one year from that day, i.e ., until March 10, 2001, to file his motion to vacate. *See* 28 U.S .C. § 2255. Because Anderson filed his original motion within the one year period on March 3, 2001, his motion was timely.

Anderson's amended motion was likewise timely and permissible. A motion to vacate may be amended or supplemented in accordance with Fed.R.Civ.P. 15. *See* 28 U.S.C. § 2242. Rule 15(a) provides in part that a "party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served . . . ." Courts have interpreted Rule 15(a) as setting forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir.1987) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)). Furthermore, this court has held that mistakes in complying with local rules may be corrected after a document is filed, *In re Toler,* 999 F.2d at 142, and courts have directed pro se petitioners to file an amended habeas corpus petition where the original petition did not contain a short and plain statement of the claims as is required by Fed.R.Civ.P. 8(a).

At the time Anderson filed his amended motion to vacate, the government had not yet filed a responsive pleading. Hence, Anderson was permitted to file an amended motion without seeking leave of the district court. *See* Fed.R.Civ.P. 15(a). Although his amended motion was filed more than one year after his convictions became final, the amendment nonetheless was timely because it related back to the original motion to vacate and did not raise new claims, but merely streamlined his previous motion. *See* Fed.R.Civ.P. 15(c); *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 814–16 (2d Cir.2000) (applying Rule 15(c) to § 2254 petition); *United States v. Thomas,* 221 F.3d 430, 436 (3d Cir.2000) (§ 2255); *United States v. Pittman,* 209 F.3d 314, 317–18 (4th Cir.2000) (§ 2255); *United States v. Craycraft,* 167 F.3d 451, 457 (8th Cir.1999) (§ 2255). Thus, the amended motion was timely and the district court is directed on remand to consider the motion on its merits.

In the sole claim considered by the district court, Anderson asserted that his sentence was in violation of *Apprendi* because the indictment did not allege a drug quantity and the jury was not instructed to find the drug quantity. The district court determined that, pursuant to *Jackson v. United States,* 129 F.Supp.2d 1053 (E.D.Mich.2000), the *Apprendi* claim was not time-barred, but was without merit.

This court has not yet decided whether *Apprendi* applies retroactively in an initial § 2255 proceeding. Without deciding this issue, we conclude that Anderson's *Apprendi* claim lacks merit for the reasons stated by the district court. Because the jury did not determine the amount of drugs for which Anderson was responsible, Anderson should have been sentenced to no more than twenty years for each of the two counts. *See* § 841(b)(1)(C); *United States v. Ramirez,*

242 F.3d 348, 351–52 (6th Cir.2001). However, this error was not prejudicial for purposes of plain error review. *See United States v. Page*, 232 F.3d 536, 544–45 (6th Cir.2000), *cert. denied*, 532 U.S. 935, 121 S.Ct. 1389, 149 L.Ed.2d 312 (2001). The Sentencing Guidelines require that the sentences for separate counts be imposed consecutively to the extent necessary to produce a combined sentence equal to the total punishment required. *See* USSG § 5G1.2(d). As Anderson's guideline range of imprisonment was thirty years to life, based on a total offense level of 42 and a criminal history category of III, the district court in fact sentenced him to the minimum total punishment required.

Accordingly, the district court's judgment is affirmed in part and vacated in part, and the action is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.