### In re Thomas/Marjorie DUNAWAY, Debtors.

### Estate of Raymond Hildreth, Plaintiff,

### v.

### Thomas Dunaway, et al., Defendant.

### No. 05–3454.

United States Bankruptcy Court, N.D. Ohio.

May 9, 2006.

Sara J. Daneman, Gahanna, OH, for Debtors.

Bruce C. French, Lima, OH, trustee.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court on the Defendants/Debtors' Motion to Dismiss. Both the Defendants and the Plaintiff, the Estate of Raymond Hildreth, filed Memoranda in support of their respective positions on the Motion. The Court has now had the opportunity to consider the arguments presented by the Parties, and finds, for the reasons herein explained, that the Defendants' Motion to Dismiss should be Denied.

### BACKGROUND

The Defendants' Motion to Dismiss is based upon the untimeliness of the Plaintiff's Complaint under Bankruptcy Rule 4004(a). This Rule fixes the time for filing complaints objecting to discharge, providing that in "a chapter 7 liquidation case a

complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." This deadline may be extended upon motion of a party, but only for "cause" and only if the motion is made within the 60–day period prescribed by the Rule.

On the Defendants' Motion to Dismiss for noncompliance with Bankruptcy Rule 4004(a), the relevant facts are not contested. On September 26, 2005, the Defendants filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Pursuant to the "Notice of Chapter 7 Bankruptcy Case" issued by the Court, the meeting of creditors was set for October 25, 2005, and the deadline for filing complaints objecting to discharge or to contest the dischargeability of a debt was set for December 26, 2005. No motion to extend this deadline was filed by the Plaintiff or any other party-in-interest.

On December 27, 2005, the Plaintiff filed a pleading in this Court, objecting to the Defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(5). This pleading, however, was incorrectly filed in the Defendants' bankruptcy case, and not as a separate adversary pleading, a defect which was cured the following day.

## LEGAL ANALYSIS

 Unless provided otherwise, deadlines established by the Bankruptcy Rules are strictly enforced, and may not be extended based simply upon a party's inadvertence. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (time period to object to exemption under Bankruptcy Rule 4003(b) may not be extended even if there is no valid basis for the exemption); FED. R.BANK.P. 9006(b) (limiting circumstances in which time frames established by the Rules may be enlarged). In this way, the operative facts, as presented above, show that the Plaintiff,—by filing its complaint objecting to discharge on December 27, 2005—failed to comply with Rule 4004(a)'s 60–day deadline for filing such complaints, which pursuant to this Court's notice had been fixed one day earlier, on December 26. The Plaintiff, however, argues that its complaint objecting to discharge should be found to be timely because December 26 was a Court holiday, and thus, under Bankruptcy Rule 9006(a), the time period prescribed by Bankruptcy Rule 4004(a) was extended by one day. (Doc. No. 10). The Court agrees.

When calculating time periods prescribed by the Bankruptcy Rules, Rule 9006(a) provides that the "last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a *legal holiday* [.]" (emphasis added). Rule 9006(a) then goes on to define legal holidays as including, "Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States." The day of December 26, 2005, the last date on which the Plaintiff had to file its complaint, was subject to this extension. Although it was not actually Christmas Day, it was still a designated legal holiday for purposes of Rule 9006(a): in 2005, Christmas fell on a Sunday thereby causing Monday, December 26th to become the designated federal holiday for Christmas. *See* Executive Order 11582, § 3(a).[1]

---

1. Executive Order No. 11582, in pertinent part, reads:
 Sec. 3. (a) Any employee whose basic workweek does not include Sunday and who would ordinarily be excused from work on a holiday falling within his basic workweek shall be excused from work on

Although Bankruptcy Rule 9006(a) does not specify that it applies to the 60–day deadline imposed by Rule 4004(a), it is clear, on more than one level, that it does. First, the scope of Rule 9006(a) is broad, setting forth in its introductory clause that it applies "[i]n computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute[.]" By equivalence, Rule 4004(a) is plainly of this same subject matter, being entitled, "Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed." Just as important, neither of these Rules excludes the other from its scope.

Additionally, when presented with this issue, other courts have likewise read Bankruptcy Rules 4004(a) and 9006(a) together. *See Dwyer v. Duffy*, 426 F.3d 1041, 1043 (9th Cir.2005) (sixty-day period for filing an adversary complaint is extended to the next business day if the filing deadline falls on a "legal holiday"); *In re Burns*, 102 B.R. 750 (9th Cir. BAP 1989) (bankruptcy rules establishing bar dates are not statutes of limitation, but procedural in nature, so as to be subject to such extension). Similarly, while it has not addressed this exact issue, affording Bankruptcy Rules 4004(a) and 9006(a) a complementary reading comports with Supreme Court precedent. First, in *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, the Supreme Court held that the "time-computation and time-extension provisions of Rule 9006 . . . are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted." 507 U.S. 380, 113 S.Ct. 1489,

1495 n. 4, 123 L.Ed.2d 74 (1993). Later, in *Kontrick v. Ryan*, the Court held that the time limitation set forth in Bankruptcy Rule 4004(a) is procedural, and not jurisdictional, and as such, is subject to other procedural rules. 540 U.S. 443, 124 S.Ct. 906, 913–14, 157 L.Ed.2d 867 (2004).

Accordingly, for all these reasons, the Court finds that, as it pertains to the Plaintiff's complaint to deny discharge, Bankruptcy Rule 9006(a) operated so as to extend the deadline for filing the complaint from December 26, 2005, as set forth in this Court's notice, to the following day, December 27.

■ Yet, this still leaves open a more fundamental question raised by the Defendant: when filing a document electronically, what effect, if any, does the failure of a party to properly file a complaint as a separate adversary proceeding have on the timeliness of that action for purposes of Bankruptcy Rule 4004(a)? The Defendants take the position that the Plaintiff's complaint was untimely for purposes of Bankruptcy Rule 4004(a) because the filing date must be figured from December 28, 2005, when the action was properly filed as a separate adversary proceeding, and not from December 27, 2005, when the complaint was mistakenly filed in the Defendant's main bankruptcy case.

When bringing a complaint to deny a debtor's discharge, Bankruptcy Rule 7001(4) requires that a separate adversary proceeding be commenced. An adversary proceeding differs from other types of matters brought before the bankruptcy court in that it is more "formal" through its adoption of many of the Federal Civil Rules of Procedure.[2] In this way, an ad-

---

the next workday of his basic workweek whenever a holiday falls on Sunday.
This order was promulgated under authority given the President by 5 U.S.C. § 6103.

**2.** *See* Bankruptcy Rule's Analysis Package. *See also Section 1120(1) Comm. of Unsecured Creditors v. Interfirst Bank Dallas, N.A., (In re Wood & Locker, Inc.),* 868 F.2d 139, 142 (5th

versary proceeding in bankruptcy is commenced by the filing of a complaint. FED.R. BANK. P. 7003.

Once filed, an adversary proceeding is to receive its own case number, separate from the main bankruptcy case. This requirement is derived from a reading of Bankruptcy Rule 7010 which among other things, sets forth that "the caption of each pleading . . . shall conform substantially to the appropriate Official Form." And under the Official Form for filing an adversary proceeding, it is provided that the caption of the complaint should set forth a separate number for the adversary proceeding.[3] Thus, an adversary proceeding which does not make allowance for the assignment of a separate adversary number is procedurally deficient.

Yet, based upon the application of these procedural rules, there is, up to this point, no actual deficiency with the Plaintiff's action to deny the Defendants' discharge. The Plaintiff filed an adversary complaint in this Court, entitled "Complaint to Determine Dischargeability." Importantly then, the Plaintiff reserved a space in the caption of the Pleading for the assignment of a separate adversary number, then attaching thereto, an "Adversary Proceeding Cover Sheet" as required by local rule.

The practical effect of this is that, prior to the implementation in this District of electronic case filing, the position taken by the Defendants did not exist; the Plaintiff would have presented its complaint to the clerk for filing as an adversary proceeding and the clerk would have then been charged with assigning the Plaintiff's complaint an adversary case number and opening a separate docket for the adversary proceeding. FED.R.BANK. P. 5003(a), 5005(a) and 7005; Volume 5, *Clerk's Manual, United States Bankruptcy Court,* Chapter 21:03. However, since the adoption of electronic filing, the responsibility of filing a complaint as a separate proceeding with a separate docket has fallen upon the litigant and their attorney, and it is this change in procedure which has given rise to the issue now before the Court.

Bankruptcy Rule 5005(b) allows a court, by local rule, to permit documents to be filed, signed, and verified electronically. Pursuant to a General Order issued in this District, filing documents electronically was made mandatory in this Court. (Second Amended General Order No. 03–1). Under the authority afford by Bankruptcy Rule 5005(b), the bankruptcy courts in the Northern District of Ohio formulated various procedures and protocols to implement the electronic filing process.

The sole provision governing a party's duty to electronically file an adversary proceeding under a separate number,— and thus by default, the procedural deficiency upon which the Defendants' Motion to Dismiss necessarily rests—is found in § 7 of the "Electronic Case Filing Attorney Manual for the Northern District of Ohio." This Manual sets forth a 17–step process which an attorney is to follow when commencing an adversary proceeding, and ends by explaining that once the final docket text is submitted, an Adversary Proceeding number will be assigned. But beside lacking any penalty for noncompliance, to read the Manual's procedural protocols as controlling on issues of timing for purposes of the Bankruptcy

---

Cir.1989) (describing an adversary proceeding as a "full blown federal lawsuits within the larger bankruptcy case").

3. Official Form B–16D. This is the designated official form for a creditor bringing an adversary proceeding, being captioned "for Use in Adversary Proceeding other than for a Complaint Filed by a Debtor (12/04)."

Code and/or Rules puts the cart in front of the horse.

By Congressional mandate, a local rule or administrative procedure, such as § 7, *supra,* may not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075. In addition, according to the Federal Rules of Bankruptcy Procedure, when local rules and protocols are promulgated they are to be "consistent with the Bankruptcy Code and Rules." FED.R. BANK. P. 9029. Yet, as already touched upon earlier, when the Plaintiff first filed its complaint on December 27, 2005, it met all of the requirements of the Bankruptcy Code and Rules. Hence, at the very least, the Plaintiff's position goes against the spirit of these interpretive guidelines by seeking to have a procedural protocol nullify a complaint that was otherwise in full compliance with the Bankruptcy Rules. However, even this aside, there exists a fatal flaw to the Defendants' position: timing

issues with respect to the filing of adversary complaints in a bankruptcy case are directly governed by two Bankruptcy Rules whose scope goes completely inapposite to the position taken by the Defendants.

Bankruptcy Rules 5005(a), together with Federal Rule of Civil Procedure 5(a), as made applicable by Bankruptcy Rule 7005, govern matters concerning the filing of documents, such as complaints to deny discharge. These Rules establish, among other things, that, (1) a complaint is deemed to have been filed when it is delivered to the clerk, (2) filing a complaint electronically, if done pursuant to a local rule, will constitute delivery to the clerk, and (3) the improper form of a complaint will not, alone, render the filing of a complaint ineffective.[4] Illustrative of these points, and similar to this matter, is the Sixth Circuit's decision in *In re Toler,* 999 F.2d 140 (6th Cir.1993).

4. Bankruptcy Rule 5005(a) provides:

(1) Place of filing
The lists, schedules, statements, proofs of claim or interest, complaints, motions, applications, objections and other papers required to be filed by these rules, except as provided in 28 U.S.C. § 1409, shall be filed with the clerk in the district where the case under the Code is pending. The judge of that court may permit the papers to be filed with the judge, in which event the filing date shall be noted thereon, and they shall be forthwith transmitted to the clerk. The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices.
(2) Filing by electronic means
A court may by local rule permit documents to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A document filed by electronic means in compliance with a local rule

constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.
Federal Rule of Civil Procedure 5(e), as made applicable by Bankruptcy Rule 7005, sets forth:

(e) Filing with the Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk. A court may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules. The clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices.

In *In re Toler* a complaint objecting to the dischargeability of a debt was received by the clerk and file stamped accordingly. The filing of this complaint was made timely in accordance with Bankruptcy Rule 4007(c), an analogous provision to Rule 4004(a), but involving dischargeability complaints. The clerk, however, after finding that the complaint did not include a summons as required under local rule, effaced the file stamp and returned the complaint to the plaintiff. A new complaint and summons were then filed, but not until after the time period under Rule 4007(c) had expired. A motion to dismiss was then filed based upon the untimeliness of the newly submitted complaint. The bankruptcy court granted the motion, which was affirmed by the district court. *Id.* at 141.

The Sixth Circuit Court of Appeals, however, reversed and found that the initial complaint, even though defective, was timely filed. *Id.* at 142. In so holding, the Court in *In re Toler* found that local rules could not trump the clear directive of Bankruptcy Rules: that a complaint is filed when it is delivered to the clerk. The Court also noted that "[m]istakes or errors can be corrected after the document has been filed." *Id.*

The circumstances in this matter clearly align themselves with *In re Toler*. The initial complaint was timely filed, and but for an error that could have been easily corrected—and in this matter, was promptly corrected—no issue as to the timeliness of the complaint would have arisen. It is also observed that in this matter, the Plaintiff's error, unlike in *In re Toler*, does not even rise to the level of local rule violation; rather, it stems from the violation of an administrative protocol which was promulgated under the authority of a local rule.

On past occasions, this Court has expressed great reluctance to extinguish statutorily created rights based solely upon violations of procedural protocols. *See, e.g., In re Koliba,* 338 B.R. 39 (Bankr. N.D.Ohio 2006) (declining to dismiss electronically filed case when attorney failed to abide by local administrative protocol to keep and have debtors sign original bankruptcy petition). Similarly, other bankruptcy courts, when presented with like circumstances, have done the same: A "defective complaint" objecting to discharge, which was filed within the bar date, was timely and valid despite its numerous defects. *In re Emory,* 219 B.R. 703 (Bankr.D.S.C.1998); a complaint lacking a separate case number and filed without the appropriate filing fee was still acceptable for purposes of a Rule 4004(a) determination. *In re Sherf,* 135 B.R. 810 (Bankr.S.D.Tex.1991); significant lack of compliance with the official form for a complaint does not cause a complaint to be time-barred by Rule 4004(a). *In re King,* 35 B.R. 471(Bankr.N.D.Ill.1983).

Finally, it cannot be overlooked that the Bankruptcy Rules are required to "be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." FED.R. BANK. P. 1001. In light therefore of all this authority,—but most importantly, Bankruptcy Rules 5005 and 7005, and the Sixth Circuit's decision in *In re Toler*—there is simply no basis to conclude that the Plaintiff's complaint should be found to have been filed on December 28, as opposed to December 27. Two final things here are worth noting. First, the Plaintiff immediately corrected its error after being contacted by the clerk. Second, deeming the Plaintiff's complaint to deny discharge as having been filed on December 27 does not prejudice the Defendants as the complaint, being initially filed in their main bankruptcy

case, would still have afforded them timely notice of the action.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendants, Thomas and Marjorie Dunaway, to Dismiss, be, and is hereby, DENIED.