IN RE: EQUIVEST ST. THOMAS, INC., Petitioner, concerning HON. BRENDA J. HOLLAR, JUDGE OF THE TERRITORIAL COURT OF THE VIRGIN ISLANDS and DENISE D. ABRAMSEN, CLERK OF THE TERRITORIAL COURT OF THE VIRGIN ISLANDS, Nominal respondents, and BLUEBEARD'S CASTLE HILLTOP VILLAGE CONDOMINIUM ASSOCIATION, BLUEBEARD'S CASTLE HILLTOP VILLAS III CONDOMINIUM ASSOCIATION, BLUEBEARD'S CASTLE HILLTOP VILLAS I CONDOMINIUM ASSOCIATION and SPM RESORTS, INC., Respondents.

D.C. Civ. App. No. 2004/163

District Court of the Virgin Islands

Division of St. Thomas and St. John

February 8, 2007

760

CHAD C. MESSIER, ESQ., St. Thomas, U.S.V.I., *For Equivest St. Thomas, Inc., petitioner*.

VERNE A. HODGE, JR., ESQ., St. Thomas, U.S.V.I., *For nominal respondents*.

PAULA D. NORKAITIS, ESQ., St. Thomas, U.S.V.I., *For SPM Resorts, Inc., respondent*.

EDWARD L. BARRY, ESQ., St. Croix, U.S.V.I., *For Bluebeard's Castle, respondent*.

GOMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and DONOHUE, *Judge of the Superior Court of the Virgin Islands, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(February 8, 2007)

Equivest St. Thomas, Inc., ("Equivest") has filed a petition for a writ of mandamus directing the trial judge "to acknowledge and abide [by] the dismissal without prejudice of all claims and counterclaims that were or could have been raised in *Equivest St. Thomas, Inc., et al., v. Bluebeard's Castle Hilltop Village Condominium Ass'n, et al.,* Civ. No.

761

461/2004" in the Superior Court of the Virgin Islands.[1] [Pet. at 1.] Equivest argues the dismissal would be pursuant to a stipulation of dismissal signed by all parties to the action in accordance with Federal Rule of Civil Procedure 41(a)(1)(ii). Equivest also requests that this Court issue a writ of mandamus to Denise D. Abramsen, Clerk of the Superior Court, directing that Civil Number 461/2004 be closed and that no further filings be accepted therein.

For the reasons explained below, we dismiss the petition regarding the clerk of the court for lack of jurisdiction. Regarding the trial judge, we deny the petition as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from a civil proceeding in the Superior Court of the Virgin Islands. Equivest owns property, such as the parking lots, lobby, and recreational areas, at the hotel resort Bluebeard's Castle. Equivest was also the manager of four condominium associations at Bluebeard's Castle from February, 2002, to October 1, 2004. On October 1, 2004, SPM Resorts Management, Inc. ("SPM") replaced Equivest. Once Equivest no longer served as manager, it became concerned whether it would continue to be paid for the use of its property. Equivest then filed Civil No. 461/2004 in the Superior Court on October 1, 2004, along with a motion for a temporary restraining order ("TRO") against Bluebeard's Castle Hilltop Village Condominium Association, Bluebeard's Castle Hilltop Villas III Condominium Association, and Bluebeard's Castle Hilltop Villas I Condominium Association (collectively the "Associations") and SPM.

Later that same day, the Associations filed a separate action and motion for a TRO in the Superior Court regarding the same subject matter. This action was docketed as Civil Number 465/2004. On October 4, 2004, Equivest moved to consolidate the two actions, and the trial judge granted this motion that same day. On October 5, 2004, the Associations filed their answer in Civil Number 461/2004 along with a

---

[1] At all times relevant to this petition, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, we employ the term Superior Court.

counterclaim. On October 8, 2004, SPM filed its answer and counter-claim in Civil Number 461/2004.

While preparing for an October 12, 2004, trial on the merits, counsel for Equivest, the Associations, and SPM agreed to stipulate to the dismissal of Civil No. 461/2004, in its entirety, without prejudice. On the morning of the October 12, 2004, hearing, a stipulation for dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) (the "Stipulation"), was prepared and signed by counsel for Equivest, the Associations, and SPM. The Stipulation provided that Civil Number 461/2004 be dismissed without prejudice and that Civil Number 465/2004 shall not be dismissed.

At the October 12, 2004, hearing, Equivest counsel (Attorney Messier) told the trial judge that the parties had entered into a stipulation to dismiss Civil Number 461/2004 without prejudice. The trial judge asked why she did not have any of the papers, and Equivest counsel explained that Attorney Norkaitis was still signing it. Equivest's counsel asked for and received permission to pass the stipulation to the judge. The trial judge then reviewed the document and stated "I don't understand the nature of the stipulation of dismissal without prejudice" and asked the Association's counsel "why would you sign to something like this?" [Equivest Appendix at 112.]

The trial judge convinced the Association's counsel (Attorney Barry) that he should not have signed it:

> The Court: ... [D]oesn't that mean that the counterclaim disappears under 41(b)?
>
> Att'y Barry: Without prejudice.
>
> The Court: That's not what [Rule 41(b)] says ... .
>
> ...
>
> The Court: ... [I]f you stipulate to it I'm telling you it can't be without prejudice, not with a pending consolidated matter.
>
> You signed to it, so I don't know. But I'm saying, if you're saying you're directing me to 41(b), you're directing me to 41(a)(2) or A whatever it is, then I can't see how you haven't signed away your rights under the pleading that were filed prior to the notice.

763

Att'y Barry: I don't interpret the rule in that way, Your Honor, but if the Court does, then I revoke my stipulation and I absolutely do not intend to waive a counterclaim. That's not my intent and that's not my reading of the rule, and thus, I retract the stipulation ... .

...

The Court: ... Once you made the stipulation to dismiss, it's dismissed, but I'm not signing it. It's not going to be signed. That's what you have attached here, something for me to sign, and I'm not signing that.

Atty' Messier: Your Honor, I don't think that you need to.

The Court: Well, I'm not signing it. If you all stipulate, that's it. But when you come back with it, you know what my position is.

Att'y Barry: I revoke my signature from that, Your Honor. Please don't hold me to—if you're going to interpret the rule that way, that was not a knowing and voluntary stipulation ... .

The Court: Give this back to them. It's not filed anyhow.

...

Att'y Messier: Your Honor, we would disagree.

The Court: Where is it clocked in.

Att'y Messier: Your Honor, it's on the record that you received it.

The Court: I received it, but it's not clocked in.

...

Att'y Barry: I have voided my signature, Your Honor.

[Equivest Appendix 114, 116-17, 131-32.]

Counsel for both SPM and the Associations wrote "Void" by their signatures on the stipulation.

On November 24, 2004, Equivest petitioned this Court for a writ of mandamus directing the trial judge to acknowledge the dismissal without prejudice and the clerk of the court to close the file. Only Bluebeard's Castle Hilltop Villas III Condominium Association filed a brief regarding Equivest's petition.

The nominal respondents filed an opposition brief. In it, they argue that the matter could not be voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1)(ii) because it was not filed "'with the clerk of

the court' in accordance with Rule 5(e) ... and as required by Rule 41(a)(1)(ii) ... ."[2] [Nominal Respondents' Answer to Petition ("Resp.") at 2.] Thus, the trial judge considered its dismissal under Rule 41(a)(2). Rule 41(a)(2) states "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The trial judge believed that absent an objection by the Associations and SPM, a Rule 41(a)(2) dismissal would result in the counterclaim being dismissed with prejudice. Because the trial judge felt these were not proper circumstances, she refused to order the dismissal.

Nominal respondent, Denise Abramsen, the Clerk of the Superior Court, argues this Court lacks jurisdiction over her.

## II. JURISDICTION

As a court with potential appellate jurisdiction over the underlying matter pending before the Superior Court, this Court has authority to consider and determine petitions for writs of mandamus to the judges of the Superior Court. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed V.I.C. §§ 33-40, and reinstating appellate jurisdiction in this Court); SUPER. CT. R. 13(a); *see also In re Richards*, 213 F.3d 773, 780, 42 V.I. 469 (3d Cir. 2000).

However, this Court does not have original jurisdiction to consider petitions for writs of mandamus to the Clerk of the Superior Court. Rule 13(a) of Virgin Islands Appellate Procedure only mentions that this Court may consider petitions for writs directed to "a judge or judges of the [Superior] Court ... ." This Court has not been vested with original jurisdiction for petitions of writs of mandamus to anyone other than a

---

[2] Rule 41(a)(1) states:

Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) <u>by filing</u> a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) <u>by filing</u> a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

FED. R. CIV. P. 41(a)(1) (emphasis added).

judge of the Superior Court. Therefore, this Court is not authorized to consider the petition for writ of mandamus against the clerk of the court. *See Marbury v. Madison*, 5 U.S. 137, 173-74, 2 L. Ed. 60 (1803).

## III. ANALYSIS

A Rule 41(a) stipulation is not a motion; it does not require the approval or any order by the court. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004) ("[A] plaintiff's filing in the district court of a stipulation of dismissal signed by all parties pursuant to rule 41(a)(1)(ii) divests the court of its jurisdiction over a case, irrespective of whether the district court approves the stipulation."). The trial judge does not need to make any legal decisions as to the merit of the agreement for the case to be dismissed pursuant to Rule 41(a)(1)(ii).

A case is dismissed pursuant to a Rule 41(a)(1)(ii) stipulation, when the plaintiff "fil[es] a stipulation of dismissal signed by all parties who have appeared in the action." FED. R. CIV. P. 41(a)(1)(ii); *see also Hester Indus., Inc, v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998) (explaining that "dismissal was effectuated by [Rule 41(a)(1)(ii)] stipulation of the parties").

Federal Rule of Civil Procedure 5(e) defines the filing of papers with the court as follows:

> The filing of papers with the court as required by these rules shall be made by filing them with the clerk of court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk ... .

FED. R. CIV. P. 5(e). Rule 5(e) does not clearly define what constitutes a filing with the court. *See Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d cir. 1991) (noting that Rule 5(e) does not tell us how to file, but its references to the clerk and the judge 'indicate that the clerk, and ultimately the district court judge, are the arbiters of the filing process").

With regard to filing papers with the clerk, courts have established that "[f]iling under rule 5(e) occurs with the delivery of the papers into the actual possession or custody of the clerk." *Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1257 (D. Kan. 2001) (citing *In re Toler*, 999 F.2d 140, 142 (6th Cir. 1993) and *Hernandez v. Aldridge*, 902 F.2d 386, 388 (5th Cir. 1990)).

■ Using this as an analogy, once the judge physically accepts the paper, then it is filed. The fact that a judge does not exactly comply with the other requirements of Rule 5(e) does not alter the fact that the paper had been filed. See *United States v. Brown*, 287 U.S. App. D.C. 316, 921 F.2d 1304, 1309 (stating that even though the judge did not indicate the date and time on the paper, the judge substantially complied with Rule 5(e) when he accepted papers and said "The [papers] were filed in open court").

■ Rule 5(e) contemplates a judge deciding whether or not to permit papers to be filed with herself without regard to the substance of the papers. A judge may wish to avoid having papers filed with herself entirely and thus may choose to not permit filings. On the other hand, a judge may wish to facilitate a matter, by permitting a paper to be filed in court with the judge, rather than putting a trial or hearing on hold for counsel to run to the clerk's office to file a paper. A judge is not permitted to review a paper for substance and then determine that she will not permit it to be filed. *See, e.g., Int'l Business Machines, Corp. v. Edelstein*, 526 F.2d 37, 46 (2d Cir. 1975).

■ Equivest's counsel specifically asked "Your Honor, may we pass up the stipulation", and the trial judge said "Yes, please." [Equivest Appendix at 111.] Equivest asked for permission to file the paper with the judge and the judge granted this permission. As such, even though the trial judge refused to write the date on it or give it to the clerk, the stipulation was filed upon the judge's receipt of the paper.[3]

■ Once a Rule 41(a)(1)(ii) stipulation is filed, it is effective immediately. The case is dismissed without any further order of the court. *See, e.g., Hester Indus., Inc.*, 160 F.3d at 916 (explaining that "dismissal was effectuated by [Rule 41(a)(1)(ii)] stipulation of the parties"); *see also Gambale*, 377 F.3d at 139.

■ The stipulation signed by counsel and given to the trial judge on October 12, 2004, caused Civil Number 461/2004 to be dismissed

---

[3]    If the parties wished to revoke the stipulation, they should have filed a motion to do so. Whether they could properly revoke their acceptance is an issue for the trial court to determine. *See LeClercq Marine Constr. v. Leco, Inc.*, 1993 U.S. App. LEXIS 31656, at *20-21 (9th Cir. 1993).

immediately.[4] Accordingly, the case is closed, and the issue Equivest raises in its petition is moot.

## IV. CONCLUSION

The trial judge accepted the Rule 41 stipulation for filing. As such, the stipulation was effective on October 12, 2004, and the case was dismissed. The petition for writ of mandamus will be denied as moot with respect to the trial judge. The petition for writ of mandamus to the clerk of the court will be dismissed for lack of jurisdiction.

---

[4] Equivest also states an issue presented to this Court is "[w]hether the trial court erred as a matter of law by rendering, *sua sponte,* an incorrect, advisory opinion that the stipulation ... would result in the dismissal with prejudice of the counterclaims of the Associations and SPM ... ." [Pet. at 7.] However, this Court does not need to reach this issue to determine whether or not to issue a writ of mandamus to the trial judge directing it to acknowledge the stipulation.