NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0508n.06

No. 18-5173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 10, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TERRAN RICARDO PRICE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and LARSEN, Circuit Judges.

PER CURIAM. Terran Ricardo Price, a federal prisoner proceeding pro se, appeals the district court's judgment denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. § 2255. As set forth below, we **AFFIRM** the district court's judgment.

In 2014, Price pleaded guilty to conspiracy to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Price to 132 months of imprisonment followed by five years of supervised release. Price appealed his sentence, and this court affirmed. *United States v. Price*, No. 14-5683 (6th Cir. Nov. 13, 2015) (order).

Price filed a timely § 2255 motion to vacate, which he later supplemented. Price raised claims related to his counsel's performance at the sentencing stage, the government's forfeiture of bond money allegedly belonging to his family members, and the government's failure to move for an additional reduction for his acceptance of responsibility. Upon initial review, a magistrate judge determined that further proceedings were necessary and ordered the government to file a response "that addresses all substantive and procedural issues." The government submitted a response

addressing Price's grounds for relief. In his reply to the government's response, Price argued in relevant part that the government failed to deny allegations raised in his § 2255 motion and that those allegations should be considered conceded pursuant to Federal Rule of Civil Procedure ("Civil Rule") 8(b)(6). Price asserted that the government failed to refute his counsel's ineffectiveness in failing to preserve sentencing objections, "the resultant harms and prejudices arising from" his counsel's errors, and "certain key allegations" showing his counsel's ineffectiveness. The magistrate judge rejected Price's Civil Rule 8(b)(6) argument, stating that the preclusive civil pleading rules did not apply and that the government effectively contested the substantive issues, and recommended the denial of § 2255 relief. The district court adopted the magistrate judge's recommended disposition and denied Price's § 2255 motion, but granted a certificate of appealability as to the applicability of Civil Rule 8(b) in § 2255 proceedings.

Price timely appealed the district court's judgment. This court denied expansion of the certificate of appealability beyond the issue certified by the district court. Because our review "is limited to those issues specified in the certificate of appealability," we do not address the ineffective-assistance arguments that Price raises on appeal. *Dunham v. United States*, 486 F.3d 931, 934 (6th Cir. 2007).

The district court's interpretation and application of the federal rules involve questions of law, which we review de novo. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 510 (6th Cir. 2001). The Rules Governing Section 2255 Proceedings ("§ 2255 Rules") provide that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." § 2255 Rule 12. Civil Rule 8, which provides general rules of pleading in civil cases, therefore applies in § 2255 proceedings to the extent that it is not inconsistent with the § 2255 Rules or any relevant statutes. *See Carter v. Mitchell*, 693 F.3d 555,

566 (6th Cir. 2012) (applying Civil Rule 8(d)(3), which allows a party to state inconsistent claims or defenses, in a habeas proceeding); *Anderson v. United States*, 39 F. App'x 132, 136 (6th Cir. 2002) (noting that "courts have directed pro se petitioners to file an amended habeas corpus petition where the original petition did not contain a short and plain statement of the claims as is required by Fed. R. Civ. P. 8(a)").

Civil Rule 8(b)(1) requires the responding party to "state in short and plain terms its defenses to each claim asserted against it" and to "admit or deny the allegations asserted against it by an opposing party." Civil Rule 8(b)(6) provides that "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." The § 2255 rules, however, are not so stringent. Under the § 2255 Rules, when a court orders the government to answer a petitioner's motion, the government need only "address the allegations in the motion" and "state whether the moving party has used any other federal remedies, including any prior post-conviction motions under these rules or any previous rules, and whether the moving party received an evidentiary hearing." § 2255 Rule 5(b); *see United States v. Boniface*, 601 F.2d 390, 392–93 (9th Cir. 1979) (recognizing the difference in pleading requirements). No more is required of the government in § 2255 proceedings, and it would, therefore, be inconsistent with the § 2255 rules to impose on the government the additional burdens set forth in Civil Rule 8(b)(1) and (6). The § 2255 Rules required the government to "address" the allegations in Price's § 2255 motion; the government's response satisfied that requirement.

For these reasons, we **AFFIRM** the district court's judgment denying Price's § 2255 motion.